E-FILED
Monday, 25 October, 2021  12:26:50 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **D'AMORE BEVERLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No.: 21-cv-1165-MMM** |
| | ) | |
| **CHERRYLE HINTHORNE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MERIT REVIEW ORDER</u>

Plaintiff, proceeding *pro se*, pursues a § 1983 action arising at the Illinois River Correctional Center ("IRCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff pleads that he had a history of a pinched nerve in his back that caused pain in his neck, back and feet. On an unidentified date, Plaintiff requested that Nurse Practitioner Brittany Miller provide him with a low bunk permit. Defendant Miller declined to do so, as Plaintiff was only 32 years of age and exercised regularly in the yard and gym.

On October 17, 2019 Plaintiff was seen by Defendant Dr. Osmundson, requesting a low bunk permit. Plaintiff repeated the request on November 4, 2019, asserting without detail, that he

had difficulty climbing from the top bunk. Defendant Osmundson, too, declined to issue the permit. Plaintiff alleges that on January 23, 2020, he fell onto his back while attempting to climb down from the top bunk. Plaintiff does not complain of the care he received after the fall, merely that Defendants Miller and Osmundson did not give him a low bunk permit even though they were aware that accessing the top bunk "could have" irritated his prior injury.

Plaintiffs also pleads that at an unidentified date prior to the fall, he complained to IRCC Warden Hinthorne regarding the difficulty in accessing the top bunk. Plaintiff explained that he was held in a 4-man cell with two sets of bunk beds. The bunk beds did not have side ladders only railings at the head and foot which, Plaintiff asserts with little detail, that the railings were not accessible due to the way the beds were placed. Plaintiff asserts that he would have to climb up on a plastic chair and "catapult" himself onto the top bunk. On the day in question, the plastic chair moved from beneath him as he was descending, causing him to fall, injuring his back and wrists.

Plaintiff names the Illinois Department of Corrections ("IDOC"), and IDOC Director Jeffreys  against whom he pleads no allegations. Plaintiff asserts, generally, that IDOC did not take necessary action to resolve the dangerous condition. He requests compensatory and punitive damages as well as declaratory relief, that ladders be affixed to the sides of the bunkbeds. Plaintiffs attaches 91 pages of exhibits to his complaint, consisting largely of grievances and medical records. These supporting documents are not deemed necessary by the Court and were not reviewed. *See Fitzgerald v. Dep't of Corr.*, No. 07-61, 2007 WL 951861, at *1 (W.D. Wis. Mar. 26, 2007) (court not required to compare voluminous documents with plaintiff's complaint to determine "what claims he may have.")

It is well established that deliberate indifference to a serious medical need is actionable as a violation of the Eighth Amendment. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). A deliberate indifference claim must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and "either acts or fails to act in disregard of that risk." *Id.* at 751.

Plaintiff alleges, in essence, that Defendant Miller and Osmundson refused to give him a low bunk permit and several years later, he fell. This is not enough to plead a § 1983 claim where Plaintiff does not assert either that his pre-existing back condition was objectively serious, or that Defendants acted with deliberate indifference to it. Plaintiff does not claim that accessing the top bunk exacerbated his back condition, only that it "could have." As a result, he cannot establish that Defendants Miller and Osmundson were deliberately indifferent in refusing the requested low bunk permit. *See Boyd v. Bellin*, 835 Fed. Appx. 886, 889 (7th Cir. 2021) (no deliberate indifference in failing to provide a low bunk permit unless the need for it is obvious). For deliberate difference to attach, the risk of harm must be "so great" that it was "almost certain to materialize." *Id.* at 888 (citing *Brown v. Budz*, 398 F.3d 904, 911 (7th Cir. 2005)).

Plaintiff also alleges deliberate indifference as to Warden Hinthorne and Director Jeffreys. As a rule, "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations." *Ashlock v. Sexton*, No.14-360, 2016 WL 3476367, at *3 (S.D. Ind. June 27, 2016) (internal citations omitted). "[F]ailing to provide a maximally safe environment, one completely free from ... safety hazards is not [a form of cruel and unusual punishment]." *Velazquez v. Kane Cty. Jail Adult Judicial Ctr.*, No. 13-0644, 2013 WL 523827, at *2 (N.D. Ill.

Feb. 11, 2013), citing *Carroll v. DeTella,* 255 F.3d 470, 472–73 (7th Cir. 2000). This is so, unless the situation is sufficiently hazardous. *See Ashlock* at *4, "[r]equiring an inmate to descend stairs, with his hands cuffed behind his back, in sandals, without any assistance or means with which to brace himself, is sufficiently hazardous under the Eighth Amendment."

Here, Plaintiff fails to plead that he was subjected to a particular hazard to which Defendant Hinthorne was deliberately indifferent. Plaintiff does not plead, nor could he, that using bunkbeds in prison violates the Constitution. As bunkbeds are permissible, one-half of inmates will be assigned to them. This is not evidence of deliberate indifference unless there is a recognized and substantial risk to a particular inmate in being assigned to a top bunk.

While Plaintiff names Defendant Jeffreys in the caption, he does not plead against him in the body of the complaint. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir.2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998).

Plaintiff also names IDOC, which is not a "person" amendable to suit for money damages under § 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of section1983…" (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989)). Furthermore, as an agency of the State of Illinois, IDOC enjoy the State's Eleventh Amendment sovereign immunity. *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir.2001) (Eleventh Amendment bars federal court suit for money damages against state prison and Department of Corrections). IDOC is DISMISSED with prejudice.

While it appears unlikely that Plaintiff can plead a colorable claim under these facts, he will be given an opportunity to amend.

**IT IS THEREFORE ORDERED:**

1.     Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint. The filing is to be captioned "Amended Complaint" and is to include all of Plaintiff's claims, without reference to a prior pleading. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Defendant IDOC is DISMISSED with prejudice.

2.     Plaintiff files [5], a motion for recruitment of *pro bono* counsel but does not indicate that he attempted to secure counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). [5] is DENIED at this time. If Plaintiff renews his motion, he is to provide copies of letters sent to, and received from, prospective counsel.


   10/25/2021                              s/Michael M. Mihm
DATE                                  MICHAEL M. MIHM
                                      UNITED STATES DISTRICT JUDGE